IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESSICA COHON, through her mother/next friend
Stevie Bass,**

       **Plaintiff,**

**vs.**                                                   **No. CIV-08-1115 LAM/RHS**

**STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, et al.,**

       **Defendants.**

## ORDER GRANTING DEFENDANT LOVELACE COMMUNITY HEALTH PLAN'S MOTION TO DISMISS

**THIS MATTER** is before the Court on *Defendant Lovelace Community Health Plan's Motion to Dismiss (Doc. 35)* (hereinafter "*Motion to Dismiss*"), filed on August 3, 2009 by Defendant Lovelace Community Health Plan (hereinafter "Lovelace"). In support of its motion, Lovelace filed *Defendant Lovelace Community Health Plan's Memorandum Brief in Support of Motion to Dismiss (Doc. 36)* (hereinafter "*Memorandum in Support*"). On August 17, 2009, Plaintiff filed her *Response to Defendant Lovelace Community Health Plan's Motion to Dismiss (Doc. 38)* (hereinafter "*Response*"), and on August 31, 2009, Lovelace filed *Defendant Lovelace Community Health Plan's Reply in Support of Motion to Dismiss (Doc. 40)*. The undersigned United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), and having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, **FINDS**, for the reasons set forth below, that Lovelace's *Motion to Dismiss* should be **GRANTED**.

As further explained in the Court's *Order Granting State Defendants' Motion to Dismiss Plaintiff's Claims for Declaratory/Injunctive Relief (Doc. 43)*, Plaintiff has appealed the administrative agency decision denying her budget requests under the Mi Via Waiver program, and has filed a complaint alleging that the denial of the requested services violates her federal and state constitutional rights, the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *See Notice of Appeal From Administrative Hearing and Complaint for Injunctive and Declaratory Relief (Doc. 1-2)* at 2-3 (attached to *Joint Notice of Removal (Doc. 1)*).  Lovelace asks the Court to dismiss Plaintiff's claims against it, stating that it is not a proper party to Plaintiff's appeal of the administrative agency decision, nor is it a proper party to or subject to liability for Plaintiff's due process and equal protection claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, or Section 504 of the Rehabilitation Act.  *Memorandum in Support (Doc. 36)* at 1-2; 9-18.

In her *Response (Doc. 38)* at 1-2, Plaintiff concedes that Lovelace's motion requesting that Lovelace be dismissed from the administrative agency appeal should be granted, stating that the proper party to the administrative agency appeal is the Human Services Department, not Lovelace. Nonetheless, Plaintiff asserts that her claims for injunctive and declaratory relief under 42 U.S.C. § 1983, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act should go forward against Lovelace and that Lovelace is a proper party to those claims. *Id.* at 2. However, the Court has already found that Plaintiff has failed to state a claim for injunctive or declaratory relief under the United States and New Mexico Constitutions, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, and has dismissed those claims against all State Defendants. *See Order Granting State Defendants' Motion to Dismiss Plaintiff's Claims for Declaratory/Injunctive Relief (Doc. 43)* at 23.  Accordingly, the Court need not decide whether or not Lovelace is a "state actor" for purposes of 42 U.S.C. § 1983, or whether Lovelace comes

within the purview of the Americans with Disabilities Act, or Section 504 of the Rehabilitation Act because even if Plaintiff could prove these allegations, the Court has determined that Plaintiff has failed to state a claim under these provisions.  The Court, therefore, finds that Lovelace's *Motion to Dismiss (Doc. 35)* should be granted and all of Plaintiff's declaratory and injunctive relief claims under the United States and New Mexico Constitutions, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, and Plaintiff's administrative agency appeal claims against it should be dismissed.

**IT IS THEREFORE ORDERED** that *Defendant Lovelace Community Health Plan's Motion to Dismiss (Doc. 35)* is **GRANTED**.  An order of final judgment in favor of Lovelace on Plaintiff's declaratory and injunctive claims under the United States and New Mexico Constitutions, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, and Plaintiff's administrative agency appeal claims, will be entered concurrently with this order.  The Court will remand the case to the First Judicial District Court, County of Santa Fe, State of New Mexico for further proceedings regarding the remaining state claims.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**